| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **JENKINS & CLAYMAN**<br>Eric J Clayman, Esquire<br>412 White Horse Pike<br>Audubon, NJ 08106<br>(856)546-9696<br>Attorney for Debtor | **Order Filed on May 18, 2016<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Lance and Jennifer Stopek<br>Debtor | Case No.: 15-11801 ABA<br><br>Adv. No.:<br><br>Hearing Date:<br><br>Judge: Altenburg |

## ORDER APPROVING POST-PETITION LOAN MODIFICATION AGREEMENT

The relief set forth on the following page, number two (2), is hereby **ORDERED.**

**DATED: May 18, 2016**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

THIS MATTER having come before the Court on the debtors' Motion to Enter into a Post-Petition loan modification agreement with Ditech Financial, LLC and the Court having considered the debtor's motion and any opposition thereto, and good and sufficient cause appearing therefrom for the entry of this order, it is hereby

ORDERED that the debtor(s) be and hereby are allowed to modify the loan of real property located at ___408 Tearose Lane, Cherry Hill, NJ 08003.___ pursuant to the terms outlined in the debtor's certification in support of the loan modification motion; and it is further

ORDERED that the debtor shall:

_____  Satisfy all Plan obligations from financing proceeds

_____  Continue to make payments under the Plan as proposed or confirmed

_____  Modify the Plan as follows: within fourteen (14) days of the loan modification.

ORDERED that debtor's counsel shall be allowed a legal fee of $500.00 for representation in connection with this motion, which is to be paid (**choose one**):

_____ At closing   \_\_\_X\_\_\_ through the plan   _____ outside the plan:

And it is further

ORDERED that Fed. R. Bankr. P. 6004(g), which provides for a ten (10) day stay of this order,

_____ Is applicable   \_\_\_X\_\_\_ is not applicable

ORDERED that the following other provisions apply:

1. In the event a loan modification is completed and the pre-petition arrears are capitalized into the loan, secured creditor shall withdraw its proof of claim; and

2. The Chapter 13 Trustee shall suspend disbursements to secured creditor pending completion of the loan modification and all money that would otherwise be paid the secured creditor be held until the claim is withdrawn or the Trustee is notified by secured creditor that the modification was not consummated; and

3. In the event that modification is not consummated; the secured creditor shall notify the Trustee and Debtors' attorney of same. Any money that was held by the Trustee pending the completion of the modification shall be paid to secured creditor; and

4. In the event the Proof of Claim is withdrawn, the Trustee may disburse the funds being held pursuant to this Order to other creditors in accordance with the provisions of the confirmed plan.